## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| Frank T. Avignone, | ) Civil Action No. 4:14-cv-401 |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| Asset Liquidation Group Incorporated, and | ) |
| | ) |
| Jenkins, Wagnon & Young, P.C., | ) |
| | ) |
| Defendants. | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

1.    This is an action for actual and statutory damages and for declaratory relief for unlawful debt collection practices brought by Frank T. Avignone against Asset Liquidation Group Incorporated ("ALGI") and Jenkins, Wagnon & Young, P.C. ("JW&Y"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq*. ("TDCA"), and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code, Chapter 17, Subchapter E ("TDTPA").

## JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the conduct complained of occurred here.

- 1 -

## PARTIES

3.     Plaintiff Frank T. Avignone is a natural person residing in Collin County, Texas, who allegedly owed to Defendant ALGI an unpaid balance on a consumer credit account. Plaintiff is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4.     Defendant ALGI is a California for-profit corporation engaged in the business of collecting consumer debts in this State.  Using instrumentalities of interstate commerce, ALGI sought to collect from Plaintiff the unpaid balance allegedly due on a consumer credit account that ALGI purportedly acquired after Plaintiff's default.  ALGI is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and ALGI is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

4.     Defendant JW&Y is a Texas professional corporation engaged in the practice of law and in the business of collecting consumer debts in this State.  JW&Y filed a suit against Plaintiff on behalf of ALGI to recover the unpaid balance allegedly due on a consumer credit account that ALGI purportedly acquired after Plaintiff's default.  JW&Y is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Fin. Code § 392.001(6), and JW&Y is a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

5.     ALGI sued Plaintiff in the Justice Court, Precinct 3, Place 1, of Collin County, Texas, in Cause No. 31-JC-13-00687, styled *Asset Liquidation Group v. Sarah Aldunio and Frank Avignone* (the "State Court Action"), seeking recovery of an unpaid balance of $3,131.03 that was allegedly due under a consumer credit card agreement between Plaintiff and an undisclosed credit card issuer.

6.     Defendant JW&Y represented ALGI in the State Court Action.

7.     At the time that ALGI and JW&Y commenced the State Court Action, ALGI was not registered with the Texas Secretary of State as a foreign corporation as required by Texas law. Specifically, § 9.051(b) of the Texas Business Organizations Code provides that a foreign corporation cannot maintain an action, suit, or other proceeding in this State unless it has registered as a foreign corporation with the Texas Secretary of State.

8.     At the time that Defendant commenced the State Court Action, Defendant had not obtained or filed with the Texas Secretary of State a surety bond to engage in debt collection activities in this State as required by Texas law.  Specifically, § 392.101(a) of the Texas Finance Code prohibits a third-party debt collector from engaging in debt collection activities in this State unless it has obtained the required surety bond and filed the same with the Texas Secretary of State.

9.     ALGI was incorporated as a for-profit corporation in California on January 25, 2013.

10.    The State Court Action was commenced on June 18, 2013.

11.    ALGI registered as a foreign corporation doing business in Texas on June 27, 2013.

12.    ALGI filed a debt collection surety bond with the Texas Secretary of State on September 23, 2013.

13.    The account at issue in the State Court Action was originated by G.E. Capital Retail Bank ("GECRB"), formerly known as G.E. Money Bank.

14.    GECRB  charged off the account at issue on or about March 15, 2011.

15.    GECRB did not provide any billing statements to Plaintiff after March 15, 2011, and at no time did GECRB provide a billing statement to Plaintiff showing an unpaid balance in excess of $3,131.03.

16.    Pursuant to 12 C.F.R. § 226.5(b)(2)(i), GECRB waived its right to charge future interest and fees when it charged off the account at issue and ceased providing periodic billing statements to Plaintiff.

17.    In its Original Petition in the State Court Action, ALGI falsely represented that "[i]nterest accrues [on the account] from 03/15/2011 at the rate of 29.9900% per annum."

18.    ALGI is not a party to any agreement with Plaintiff.

19.    ALGI is not authorized to recover post-charge-off interest from Plaintiff under any agreement with Plaintiff or under any provision of governing law.

20.    ALGI is not licensed to engage in consumer lending under Texas law and has never loaned money or extended credit to Plaintiff.

21.    ALGI did not purchase Plaintiff's alleged debt before ALGI was incorporated on January 25, 2013.

22.    Neither GECRB nor any other of ALGI's undisclosed assignors charged interest on Plaintiff's alleged debt between March 15, 2011, and January 25, 2013.

23.    On July 24, 2013, Plaintiff filed a *Motion to Dismiss* in the State Court Action, claiming, among other things, that ALGI lacked the legal capacity to sue because it failed to obtain and file the required surety bond prior to filing suit.

24.    On August 16, 2013, ALGI filed a *Motion for Nonsuit* in the State Court Action, voluntarily dismissing its suit against Plaintiff.

25.    On August 19, 2013, the State Court Action was dismissed.

26.    On August 19, 2013, JW&Y sent a letter directly to Plaintiff via certified mail, return receipt requested, falsely stating that the State Court Action had been set for trial.  The letter was signed by Mr. Jody D. Jenkins.

27.   When Mr. Jenkins communicated directly with Plaintiff in the letter dated August 19, 2013, Mr. Jenkins knew that Plaintiff was represented by the undersigned attorney.

28.   An attorney violates §4.02(a) of the Texas Disciplinary Rules of Professional Conduct if he communicates with a person known to be represented by counsel unless he has the express consent of such counsel.

29.   The undersigned attorney has never consented to any communication by Mr. Jenkins to Plaintiff.

30.   The unlawful conduct of ALGI and JW&Y caused Plaintiff to suffer substantial anxiety, nervousness, worry, emotional and mental distress, and other compensable damages.

## COUNT I

## DEFENDANT ALGI'S VIOLATIONS OF THE FDCPA

31.   Plaintiff repeats and incorporates by reference the preceding paragraphs.

32.   Defendant ALGI violated 15 U.S.C. § 1692e(5) by initiating the State Court Action without having first satisfied the foreign corporation registration requirements of the Texas Business Organizations Code § 9.051(b), thus taking action that could not legally be taken.

33.   Defendant ALGI further violated 15 U.S.C. § 1692e(5) by initiating the State Court Action without having first satisfied the debt collector bonding requirements of Tex. Fin. Code § 392.101(a), thus taking action that could not legally be taken.

34.   Defendant ALGI violated 15 U.S.C. § 1692e(2)(A) by misrepresenting in its Original Petition in the State Court Action that interest accrued on the alleged debt from March 15, 2011, until at least June 18, 2013, at the rate of 29.99 % per annum.

35.   Defendant ALGI violated 15 U.S.C. § 1692e(1) by using false representations and deceptive means to collect an unlawfully inflated debt.

36.    Defendant ALGI violated 15 U.S.C. § 1692(f)(1) by attempting to collect unauthorized interest.

37.    Defendant ALGI violated 15 U.S.C. § 1692(e) by using false, deceptive, and mis-leading representations and means to collect an alleged debt.

38.    Defendant ALGI violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect an alleged debt.

39.    Defendant ALGI violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after ALGI knew that Plaintiff was represented by the undersigned attorney.

## COUNT II

## DEFENDANT ALGI'S VIOLATIONS OF THE TDCA

40.    Plaintiff repeats and incorporates by reference the preceding paragraphs.

41.    Defendant ALGI violated Tex. Fin. Code § 392.304(8) by misrepresenting in its Original Petition in the State Court Action that interest accrued on the alleged debt from March 15, 2011, until at least June 18, 2013, at the rate of 29.99 % per annum.

42.    Defendant ALGI violated Tex. Fin. Code § 392.303(2) by attempting to collect unauthorized interest.

## COUNT III

## DEFENDANT ALGI'S VIOLATIONS OF THE TDTPA

43.    Plaintiff repeats and incorporates by reference the preceding paragraphs.

44.    Defendant ALGI violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## COUNT IV

## DEFENDANT JW&Y'S VIOLATIONS OF THE FDCPA

45.    Plaintiff repeats and incorporates by reference the preceding paragraphs.

46.    Defendant JW&Y violated 15 U.S.C. § 1692e(5) by initiating the State Court Action without determining that ALGI had satisfied the foreign corporation registration requirements of the Texas Business Organizations Code § 9.051(b), thus taking action that could not legally be taken.

47.    Defendant JW&Y further violated 15 U.S.C. § 1692e(5) by initiating the State Court Action without determining that ALGI had satisfied the debt collector bonding requirements of Tex. Fin. Code § 392.101(a), thus taking action that could not legally be taken.

47.    Defendant JW&Y violated 15 U.S.C. § 1692e(2)(A) by misrepresenting in the Original Petition that it filed on behalf of ALGI in the State Court Action that interest accrued on the alleged debt from March 15, 2011, until at least June 18, 2013, at the rate of 29.99 % per annum.

49.    Defendant JW&Y violated 15 U.S.C. § 1692e(1) by using false representations and deceptive means to collect an unlawfully inflated debt.

50.    Defendant JW&Y violated 15 U.S.C. § 1692(f)(1) by attempting to collect unauthorized interest.

51.    Defendant JW&Y violated 15 U.S.C. § 1692(e) by using false, deceptive, and misleading representations and means to collect an alleged debt.

52.    Defendant JW&Y violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect an alleged debt.

53.    Defendant JW&Y violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after JW&Y knew that Plaintiff was represented by the undersigned attorney.

## COUNT V

### DEFENDANT JW&Y'S VIOLATIONS OF THE TDCA

54.    Plaintiff repeats and incorporates by reference the preceding paragraphs.

55.    Defendant JW&Y violated Tex. Fin. Code § 392.304(8) by misrepresenting in the Original Petition that it filed on behalf of ALGI in the State Court Action that interest accrued on the alleged debt from March 15, 2011, until at least June 18, 2013, at the rate of 29.99 % per annum.

56.    Defendant JW&Y violated Tex. Fin. Code § 392.303(2) by attempting to collect unauthorized interest.

## COUNT VI

### DEFENDANT JW&Y'S VIOLATIONS OF THE TDTPA

57.    Plaintiff repeats and incorporates by reference the preceding paragraphs.

58.    Defendant JW&Y violated the TDTPA.  Tex. Fin. Code § 392.404(a) provides that a violation of the TDCA is a violation of the TDTPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.    Declaratory judgment that the conduct of Defendants ALGI and JW&Y violated the FDCPA, the TDCA, and the TDTPA;

B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2), and Tex. Bus. & Com. Code § 17.50(h);

C.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.    Costs of court and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b), and Tex. Bus. & Com. Code § 17.50(d); and

E.    Such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 17, 2014

Respectfully submitted,

*/s/ Dennis H. Waters*
Dennis H. Waters
Texas State Bar No. 00785190
555 Republic Drive, Suite 200
Plano, TX  75074-5469
Telephone:  (972) 516-4296
Facsimile:   (972) 516-4297
E-mail:       Dennis.H.Waters@gmail.com
**ATTORNEY FOR PLAINTIFF**
**FRANK T. AVIGNONE**